# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PAMELA J. COLLINS, | ) Case No.: 1:18-cv-02271 |
| Plaintiff, | ) |
| v. | ) JUDGE JOHN ADAMS |
| COMMISSIONER OF SOCIAL SECURITY, | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| Defendant. | ) **REPORT AND** **RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b). As discussed below, *Pro se* Plaintiff Pamela J. Collins ("Plaintiff" or "Claimant") has not filed a Brief on the Merits setting forth any cognizable legal claims despite the court's Order giving Plaintiff additional time to do so, and warning Plaintiff that this case may be dismissed for failure to prosecute. Accordingly, the undersigned RECOMMENDS that this case be dismissed without prejudice.

## I.  Background

On February 12, 2016, Claimant protectively filed an application for a period of disability and disability insurance benefits; and, on the same day, she also filed an application for disabled widow's benefits. (R. 9). On January 4, 2018, an administrative law judge issued a decision denying Claimant's applications, following administrative proceedings and a hearing during which Claimant was represented by counsel. Plaintiff, proceeding *pro se*, filed a Complaint against the Commissioner of Social Security ("Defendant" or "Commissioner") on October 1,

2018. (R. 1). On December 10, 2018, the Commissioner timely filed her Answer and the Transcript of Proceedings. (R. 8 & 9). Plaintiff did not file a Brief on the Merits as required by this court's Initial Order. (R. 6). On March 13, 2019, the court ordered Plaintiff to file her Brief on the Merits no later than April 3, 2019. (R. 10). Plaintiff was advised that failure to do so could result in dismissal with prejudice for want of prosecution. *Id*. On March 28, 2019, Plaintiff filed a one-page handwritten letter *in lieu* of a Brief on the Merits. The letter described Plaintiff's personal circumstances, indicating that her husband passed away seven years ago, she has financial difficulties and works as a school bus driver, but otherwise did not address or challenge the propriety of the Commissioner's decision in any appreciable manner. (R. 11, PageID# 458).

## II. Discussion

The Sixth Circuit has indicated that district courts have the inherent power to enter a *sua sponte* order dismissing an action under Federal Rule of Civil Procedure 41(b). *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962); *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). In addition, Rule 16(f)(1)(C) of Federal Rules of Civil Procedure authorizes courts to dismiss an action where a party fails to comply with a court order. Fed. R. Civ. P. 16(f)(1)(C) provides:

> (f) Sanctions.
>
> (1) *In General.* On Motion on on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> ...
>
> (C) fails to obey a scheduling or other pretrial order.

Further, Rule 37 provides that the court may dismiss the action or proceeding in whole or in part for failure to comply with a court order. Fed. R. Civ. P. 37(b)(2)(A)(v).

2

Although *pro se* plaintiffs are held to less stringent standards than attorneys, cases filed by *pro se* plaintiffs may still be dismissed if the plaintiff fails to meet court orders. *See Jourdan*, 951 F.2d at 110 (concluding that *pro se* litigants are not to be accorded with any special consideration when they fail to comply with straight-forward procedural requirements and deadlines).

While Plaintiff filed the above-referenced letter within the extended time-frame provided by the court, it fails to comply with the court's Initial Order that required Plaintiff's brief contain a statement of legal issues, a statement of relevant facts, and an argument in support. (R. 6, PageID# 32-33). The Plaintiff's letter fails in all three respects. The court is sympathetic to the circumstances raised in Plaintiff's letter and appreciates that the legal system is daunting for those without any legal training, which is why *pro se* filings are entitled to "liberal construction," and their filings often times require "active interpretation." *Franklin v. Rose*, 765 F.2d 82, 85 (6th 1985) (citations omitted).

> Nevertheless, it is also not the Court's function to search the administrative record for evidence to support Plaintiff's "argument" and find inconsistencies. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."); *Meridia Prods. Liab. Litig. v. Abbott Labs.*, No. 04–4175, 2006 U.S.App. LEXIS 11680 (6th Cir. May 11, 2006). This Court does not conduct a *de novo* review in social security proceedings, and certainly cannot be expected to craft an argument on Plaintiff's behalf.

*Tarver v. Comm'r of Soc. Sec.*, No. 1:10 CV 2721, 2011 WL 3900579, at *1 (N.D. Ohio July 8, 2011) (White, M.J.), *report and recommendation adopted*, 2011 WL 3911116 (N.D. Ohio Sept. 6, 2011) (Lioi, J). Nothing in Plaintiff's original complaint or her letter can reasonably be construed as resembling a legal argument as to why the Commissioner's decision was erroneous.

Accordingly, the undersigned RECOMMENDS that this case be dismissed without prejudice for failure to comply with this Court's Orders and for failure to prosecute.

Dated: April 16, 2019 /s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the district court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**